UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| NICHOLAS D. SCOYNI,<br><br>                          *Plaintiff*,<br><br>     v.<br><br>UNITED STATES DISTRICT COURT<br>of IDAHO 9TH CIRCUIT,<br><br>                          *Defendants*. | Case No.:   1:19-cv-00232-DCN<br><br>**MEMORANDUM AND ORDER<br>RE: MOTION TO DISMISS** |

Pending before the Court is Defendants' Motion to Dismiss (Dkt. 5). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

On November 14, 2018, Nicolas Scoyni ("Scoyni") sued Salvador, et al. in United States District Court for the District Court of Idaho in case number 1:18-cv-00506-BLW. On June 21, 2019, Scoyni filed the present suit against Defendants "United States district court of Idaho 9th circuit," and a "[j]udge, magistrate, law clerk, [and] clerk of court"

(collectively "Defendants") for actions Defendants allegedly took in *Scoyni v. Salvador, et al.* Dkt. 1, at 3. On August 29, 2019, Defendants, by and through Joanne P. Rodriguez, Assistant United States Attorney for the District of Idaho, filed the pending motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A Rule 12(b)(6) dismissal "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

A pro se complaint is "to be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing the Fed. R. Civ. P. 8(f)'s, now 8(e)'s, mandate to construe pleadings so as to do justice). A court is obligated, "where the petitioner is pro se, particularly in civil

rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## DISCUSSION

Scoyni asserts a *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), cause of action against Defendants for violating his Fifth and Fourteenth Amendment rights. Scoyni contends that Defendants violated his constitutional rights when they entered, or failed to enter, certain judicial orders and displayed "overwhelming obvious favoritism of the defendants of a civil lawsuit." Dkt. 1 at 5–7. In sum, Scoyni is suing Defendants for their handling of his case.

Defendants move to dismiss Scoyni's Complaint for failure to state a claim for essentially two reasons: (1) no *Bivens* remedy exists on the facts alleged; and (2) even if a *Bivens* remedy did exist, Defendants are entitled to either absolute or quasi-judicial immunity.

### 1. No *Bivens* Remedy Exists for the Alleged Conduct

#### a. A Bivens *Claim Must Be Asserted Against Federal Officers in Their Individual Capacities*

A *Bivens* claim is a private action against federal officials in their individual capacities for alleged violations of a plaintiff's constitutional rights, but the right to pursue such an action is qualified and not absolute. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). A plaintiff may not assert a *Bivens* claim against federal officials or agencies in their official capacities unless the United States waives its sovereign immunity. *Ibrahim v.*

*Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("But no *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities.") (citing *FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994); *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000)).

Here Scoyni sues the "United States district court of Idaho 9th circuit," a federal agency. He may not assert a *Bivens* claim against the district court because the United States has not waived its sovereign immunity. Scoyni also fails to name and or sue the Defendants in their individual capacities in his Complaint. However, this Court will construe his pro-se Complaint liberally and treat it as if he had sued each of the Defendants in their individual capacities.

       b. *There Is No Right to a* Bivens *Cause of Action for the Alleged Constitutional Violations*

The Supreme Court has held that courts should infer a *Bivens* remedy only if (1) there is no alternative existing process for protecting a constitutional interest, and (2) if there are no special factors counseling hesitation against a judicially created remedy. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Courts should "refrain[ ] from creating a judicially implied remedy even when the available statutory remedies 'do not provide complete relief' for a plaintiff that has suffered a constitutional violation.'" *Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1242–43 (9th Cir. 2019) (internal quotation marks omitted) (alteration in original). As long as "an avenue for some redress" exists, "bedrock principles of separation of powers forclose[s] judicial imposition of a new substantive liability," such as a *Bivens* cause of action. *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578

F.3d 1116, 1120 (9th Cir. 2009) (alteration in original) (internal quotation marks omitted).

The Supreme Court has inferred a *Bivens* cause of action is appropriate on only three occasions. First, the Supreme Court "held [in *Bivens*] that a victim of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Second, the Supreme Court authorized a cause of action under *Bivens* to redress a sex-discrimination violation of the Due Process Clause of the Fifth Amendment. *Davis v. Passman*, 442 U.S. 228 (1979). Third, the Court authorized a cause of action under *Bivens* for inadequate prison medical care in violation of the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14 (1980) "Otherwise, 'the [Supreme] Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity,' and has consistently declined to expand this limited remedy." *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (*quoting Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017)). Accordingly, a *Bivens* remedy should be available only where no other option for recovery exists.

Here, Scoyni alleges the judges and court personnel violated his Fifth and Fourteenth Amendment rights in how they handled his civil case. Essentially, Scoyni is asking the court to carve out a new *Bivens* remedy. However, the Ninth Circuit has held that there "is no need to carve out an exception to judicial immunity to permit" a *Bivens* action "against *federal* judicial officers." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987). It found that other options to recover existed:

> Should a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for

taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code. Through these procedures, a litigant . . . receives full federal court review of allegations of deprivations of federal constitutional rights by federal judicial officers acting under color of federal law. To allow an action for declaratory and injunctive relief against federal officials who would be entitled to judicial immunity from damages merely engenders unnecessary confusion and a multiplicity of litigation.

*Id*. Congress has created a comprehensive procedural and substantive provision giving meaningful remedies against the United States. Additionally, the rationale behind granting judicial immunity—the protection of the judicial process—is a special factor counseling hesitation in the absence of affirmative action by Congress to create a new right to sue judges and court personnel for actions they take that are part of the judicial process.

In sum, the Court finds that Scoyni seeks a *Bivens* remedy in a new context, that there is an alternative existing process for protecting his constitutional rights, and there are special factors counseling hesitation of create a judicially created remedy. The Court refrains from extending a *Bivens* remedy to this new context. Accordingly, Scoyni fails to state a claim upon which relief may be granted. *See Vega*, 881 F.3d at 1155 (declining to expand *Bivens* in new context and affirming district court's dismissal of *Bivens* claim).

### *2.* **Absolute and Quasi-Judicial Immunity Bar Plaintiff's Claims**

However, even if there was a *Bivens* action available for the various wrongs alleged in the complaint, it would not survive. In "circumstances in which a *Bivens* remedy is generally available, an action under *Bivens* will be defeated if the defendant is immune from suit." *Hui v. Castaneda*, 559 U.S. 799, 807 (2010). "Absolute judicial immunity insulates judges from charges of erroneous acts or irregular action." *Burton v. Infinity*

*Capital Management*, 862 F.3d 740, 747 (9th Cir. 2017) (internal quotation marks and citation omitted). The doctrine "is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *Id.* (internal quotation marks and citation omitted). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Mullis*, 828 F.2d at 1394.[1]

### a. Judges Are Entitled to Absolute Judicial Immunity

Judge are "absolutely immune from civil liability" for wrongful judicial acts done in their official capacity. *Id.* at 1388. An act is "judicial" when it is a "function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57 (1978). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Mullis*, 828 F.2d at 1389. As an example, a probate judge, with jurisdiction only over wills and estates, "would not be immune from liability for his action" if he tried a criminal case. *Id.* (quoting *Stump*, 435 U.S. at 357 n.7) (internal quotation marks omitted). However, a judge of a criminal court would be acting only in

---

[1] Scoyni cites to *Pulliam v. Allen*, 466 U.S. 522 (1984), for the proposition that judges are not immune from declaratory and injunctive relief. However, "[t]he reasoning of *Pulliam* simply is inapplicable to a *Bivens* action." *Mullis*, 828 F.2d at 1394. In *Mullis*, the Ninth Circuit made clear that while state judges are not immune from declaratory and injunctive relief in actions under 42 U.S.C. § 1983, *federal* judges are immune from declaratory and injunctive relief in actions under *Bivens*. *Id.* at 1391–94.

excess of his jurisdiction if he convicted a defendant of a nonexistent crime, and "would be immune" from liability. *Id*. (quoting *Stump*, 435 U.S. at 357 n.7) (internal quotation marks omitted).

The alleged acts the district judge and magistrate judge took—entering orders, evaluating parties' claims, and determining whether to extend time—are all judicial in nature. The district judge and magistrate judge clearly had subject matter jurisdiction over *Scoyni vs. Salvador, et al.*, under 28 U.S.C. § 1332. Scoyni himself filed the complaint in federal court under diversity jurisdiction. 1:18-cv-00506-BLW, Dkt. 1. The judges are entitled to absolute immunity for their alleged actions.

### b.  *Court Personnel Are Entitled to Absolute Quasi-Judicial Immunity*

"Court clerks have absolute quasi-judicial immunity . . . for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390, 1394. *See also Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (holding a clerk of the court was entitled to quasi-judicial immunity in his performance of a ministerial duty that was part of the judicial process because his "challenged activities (were) an integral part of the judicial process." (internal quotation marks omitted)).

Scoyni alleges the law clerk wrongfully assisted the judge in issuing an order and the clerk of the court mistakenly failed to place a party in default. Both acts are integral parts of the judicial process and fall within the general "subject matter jurisdiction" of the clerks working for the courts. *See Mullis*, at 1390. As noted above, a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in "grave

procedural errors." *Stump*, 435 U.S. at 359. Thus, the court personnel were entitled to quasi-judicial immunity from civil liability for their actions. *See id.*

## LEAVE TO AMEND

Leave to amend pleadings shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Courts apply Rule 15 with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave to amend, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: futility of amendment alone can justify the denial of a motion to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Here, the Court finds it would be futile for Scoyni to amend his complaint. Scoyni is denied leave to amend.

## CONCLUSION

Scoyni fails to state a claim upon which relief may be granted because a *Bivens* remedy is not available in this context. Even if it were available, the action under *Bivens* would be defeated by absolute judicial and quasi-judicial immunity because the purported civil rights violations were for the alleged performance of tasks that are integral parts of the judicial process.

## ORDER

The Court HEREBY ORDERS:

1.      Defendants' Motion to Dismiss (Dkt. 5) is **GRANTED** as stated herein.

2.      Plaintiff's case is **DISMISSED** with prejudice.

3.      A separate judgment will be issued.

DATED: October 29, 2019

David C. Nye
Chief U.S. District Court Judge